UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID PUTZER, ) | |
| ) | |
| Plaintiff, ) | 3:07-CV-00620-LRH-VPC |
| ) | |
| v. ) | |
| ) | ORDER |
| JAMES DONNELLY et al., ) | |
| ) | |
| Defendant. ) | |

Eleven motions are currently pending before the court in this pro se action brought by Plaintiff David Putzer, a prisoner at Lovelock Correctional Center. This order will dispose of three of these motions: Motion for Entry of Default (#10[1]), Motion for Class Action Certification (#17), and Motion to Amend Motion for Class Action Certification (#29).

The court will first consider Plaintiff's motion for an entry of default. Plaintiff bases this motion upon his contention that Defendants failed to answer his complaint within the time allotted by this court. Because Plaintiff's contention is without merit, the court will deny the motion.

This court's April 16, 2008, order states, "The Attorney General shall advise the Court within twenty (20) days of the date of entry of this Order whether they can accept service of process for the named defendants. If the Attorney General accepts service of process for any of the

---

[1] Refers to the court's docket

1 | defendants, such defendant(s) shall file and serve an answer or other response to the complaint
2 | within thirty (30) days of the date of the notice of acceptance of service." (April 16, 2008, Order
3 | (#6) at 2.) On May 6, 2008, Defendants filed a timely notice of acceptance (#9.) Thus, Defendants
4 | had until June 5, 2008, to file an answer. Defendants did in fact file an answer on June 5, 2008
5 | (#14). Plaintiff's motion for entry of default is therefore denied.

Plaintiff has also filed a motion for class certification. In this motion, Plaintiff seeks to "add to the class action all other Jewish men and woman In all Prisons in the state of Nevada whom are denied Sundown candle lighting Service on Fridays." (Mot. for Class Action Certification (#17) at 8.) The court will deny this motion.

Federal Rule of Civil Procedure 23(a) states four threshold requirements applicable to all class actions. Rule 23(a) states the following in full:

> (a) **Prerequisites.** One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
>
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Plaintiff here fails to meet Rule 23(a)(4). Courts are unanimous in finding that pro se plaintiffs cannot bring class actions because they cannot fairly and adequately protect the interests of the class. *See, e.g.*, *Carter v. Taylor*, 540 F. Supp. 2d 522, 527 (D. Del. 2008); *Reed v. Bd. of Prison Terms*, No. C 03-2917, 2003 WL 21982471, at *1 (N.D. Cal. Aug. 8, 2003); *see also Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself."). Plaintiff's motion for class action certification is therefore denied, and Plaintiff's motion to amend the motion for class action certification is denied as moot.

As a final matter, Plaintiff asks this court in his motion for class certification to appoint an

1  attorney. The court will deny this request. 28 U.S.C. § 1915(e)(1) states that "[t]he court may
2  request an attorney to represent any person unable to afford counsel." Appointment of counsel in a
3  civil rights case is required only when exceptional circumstances exist. *See Gorenc v. Salt River*
4  *Project*, 869 F.2d 503, 508 (9th Cir. 1989). "A finding of exceptional circumstances requires an
5  evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to
6  articulate his claims pro se in light of the complexity of the legal issues involved.'" *Wilborn v.*
7  *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

8      Plaintiff has failed to show exceptional circumstances that would warrant appointment of
9  counsel. First, Plaintiff has not made a substantial showing as to the likelihood of success on the
10 merits. Although this court found that Plaintiff presents colorable claims (April 16, 2008, Order
11 (#6) at 1-2), Plaintiff made no effort to show in his request for appointment of counsel that he is
12 likely to succeed on the merits. Furthermore, Plaintiff has demonstrated an ability to articulate his
13 claims in light of the complexity of the legal issues involved.

14     IT IS THEREFORE ORDERED that Plaintiff's Motion for Entry of Default (#10) is
15 DENIED.

16     IT IS FURTHER ORDERED that Plaintiff's Motion for Class Action Certification (#17) is
17 DENIED.

18     IT IS FURTHER ORDERED that Plaintiff's Motion to Amend Motion for Class Action
19 Certification (#29) is DENIED as moot.

20     IT IS SO ORDERED.
21     DATED this 19th day of November, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE