**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

DAVID PUTZER,

      Plaintiff,

  vs.

JAMES DONNELLY, et al.,

      Defendant(s).

3:07-CV-0620-LRH (VPC)

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

November 20, 2008

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). Before this court is plaintiff's motion/application for preliminary injunction on behalf of class (#18) and motion to amend plaintiff's application for preliminary injunction on behalf of class (#30). Defendants filed an opposition (#37), and no reply was filed. As set forth below, it is recommended that plaintiff's motion/application for preliminary injunction (#18) and motion to amend (#30) be denied without prejudice.

The Prison Litigation Reform Act ("PLRA") states that

> In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief... .

18 U.S.C. § 3626(2).

The traditional equitable criteria for granting a preliminary injunction in the Ninth Circuit are: "(1) a strong likelihood of success on the merits; (2) the possibility of irreparable injury to the plaintiff if the preliminary relief is not granted; (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Johnson v. California State Bd. Of*

*Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995); *Clear Channel Outdoor, Inc. v. City of Los Angeles*, 340 F.3d 810, 813 (9th Cir. 2003). "A preliminary injunction is not a preliminary adjudication on the merits, but a device for preserving the status quo and preventing the irreparable loss of rights before judgment." *Textile Unlimited, Inc. v. A.BMH and Company, Inc.*, 240 F.3d 781, 786 (9th Cir. 2001). A prohibitory injunction preserves the status quo while litigation is pending, while a mandatory injunction provides preliminary relief well beyond maintaining that status quo. *Stanley v. University of Southern California*, 13 F.3d 1313, 1320 (9th Cir. 1994). Mandatory preliminary injunctions are disfavored, and "the district court should deny such relief 'unless the facts and law clearly favor the moving party.'" *Id*. (quoting *Martinez v. Matthews*, 544 F.2d 1233, 1243 (5th Cir. 1976). To obtain a preliminary injunction, the moving party must demonstrate that the remedy at law is inadequate. *Stanley v. University of Southern California*, 13 F.3d 1313, 1320 (9th Cir. 1994). The "granting or withholding of a preliminary injunction rests in the sound judicial discretion of the trial court." *Dymo Industries, Inc. v. Tapeprinter, Inc.*, 325 F.2d 141, 143 (9th Cir. 1964).

In this case, plaintiff is seeking a motion for preliminary injunction on behalf of the class[1] (#18). On November 20, 2008, the District Court entered an order denying the motion for class certification (#54). The Court found that plaintiff failed to meet Fed.R.Civ.P. 23(a)(4) because plaintiff would be unable to "fairly and adequately protect the interests of the class." *Id*. The Court further found that courts are "unanimous in finding that *pro se* plaintiffs cannot bring class actions because they cannot fairly and adequately protect the interests of the class." *See, e.g., Carter v. Taylor,* 540 F.Supp.2d 552, 527 (D. Del. 2008); *Reed v. Bd. of Prison Terms*, No. C 03-2917, 2003 WL 21982471, at *1 (N.D. Cal. Aug. 8, 2003); *see also, Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself.")

---

[1] Plaintiff defined the class as "all other Jewish men and woman [sic] In all Prisons in the state of Nevada whom are denied Sundown candle lighting Service on Fridays. (Motion for Class Action Certification (#17 at p. 8).

Therefore, the undersigned Magistrate Judge recommends that plaintiff's motion/application for preliminary injunction on behalf of class (#18) and motion to amend motion/application for preliminary injunction on behalf of class (#30) be denied without prejudice. The court further recommends that plaintiff be granted leave to file a new motion for preliminary injunction on behalf of himself only. Plaintiff is advised that the court will be setting an early mediation conference in this case and plaintiff may wish to wait until the after the conference takes place before filing a renewed motion for preliminary injunction.

The parties are advised:

1.  Pursuant to 28 U.S.C § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within ten days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.  This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### III.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the district court enter an order as follows:

1.  **DENYING without prejudice** plaintiff's motion/application for preliminary injunction on behalf of class (#18) and motion to amend motion/application for preliminary injunction on behalf of class (#30);

2.  **GRANTING** plaintiff be granted leave to file a new motion for preliminary injunction on behalf of himself only.

DATED: November 20, 2008.

_____
UNITED STATES MAGISTRATE JUDGE